FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 15, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SYRECEA E., | No. 4:19-CV-05130-JTR |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 13, 14. Attorney Chad L. Hatfield represents Syrecea E. (Plaintiff); Special Assistant United States Attorney Michael S. Howard represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and the briefs filed by the parties, the Court **DENIES** Defendant's Motion for Summary

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING PLAINTIFF'S MOTION - 1

Judgment; **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. §§ 405(g), 1383(c).

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on May 29, 2015. Tr. 100-01. She alleged disability since November 1, 2013, Tr. 233, 252, due to Behcet's disease, lupus, fibromyalgia, Sjogren's Syndrome, hypertension, sleep apnea, depression, and hyperthyroidism, Tr. 275. The applications were denied initially and upon reconsideration. Tr. 140-52, 155-76. Administrative Law Judge (ALJ) Jesse K. Shumway held a hearing on December 13, 2017 and heard testimony from Plaintiff, medical expert Lynne Jahnke, M.D., and vocational expert Anne Jones. Tr. 35-69. At the hearing, Plaintiff amended her alleged date of onset to August 25, 2014. Tr. 39. The ALJ issued a partially favorable decision on March 7, 2018 finding Plaintiff was not disabled before May 20, 2016 but was disabled on May 20, 2016 and through the date of the decision. Tr. 17-28. The Appeals Council denied review on March 12, 2019. Tr. 1-5. The ALJ's March 7, 2018 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §§ 405(g), 1383(c). Plaintiff filed this action for judicial review on May 16, 2019. ECF No. 1.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 52 years old at the amended date of onset. Tr. 233. Plaintiff completed three years of college in 2007 and received a degree in early childhood education. Tr. 276. Her reported work history includes the positions of counseling assistant, customer service lead, office assistance, and purchasing manager. Tr.

277. When applying for benefits Plaintiff reported that she was still working, but that her conditions had caused her to make changes to her work activities as early as August 1, 2014. Tr. 275-76.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie

case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. §§ 404.1520(a), 416.920(a)(4). If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work, and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, she is found "disabled." 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On March 7, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act before May 20, 2016, but she was disabled from May 20, 2016 through the date of the decision.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 25, 2014, the amended date of onset. Tr. 19.

At step two, the ALJ determined that Plaintiff had the following severe impairments since August 25, 2014: osteoarthritis in the bilateral knees; Bechet's disease; fibromyalgia; extreme obesity (BMI 65+); and mild bilateral carpal tunnel syndrome status post bilateral surgical releases in March and April of 2016. Tr. 20.

At step three, the ALJ found that before May 20, 2016 Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 20.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined that before May 20, 2016 she could perform a range of sedentary work with the following limitations:

> [S]he could not climb ladders, ropes, or scaffolds; could not climb stairs or ramps; could not kneel or crawl; could only occasionally perform all other postural activities; could frequently handle and finger; could not have concentrated exposure to extreme cold or vibration; could have no exposure to hazards such as unprotected heights and moving mechanical parts.

Tr. 21. The ALJ identified Plaintiff's past relevant work as order clerk and general clerk and found that before May 20, 2016 she could perform her past relevant work as an order clerk. Tr. 25-26. The ALJ concluded that Plaintiff was not under a disability within the meaning of the Social Security Act before May 20, 2016. Tr. 27.

Next, the ALJ found that beginning on May 20, 2016, the severity of Plaintiff's impairments medically equaled the criteria of section 1.02 of 20 C.F.R. Part 400, Subpart P, Appendix 1. Tr. 26. Therefore, the ALJ concluded that as of May 20, 2016 Plaintiff was disabled at step three and this disability continued through the date of his decision. Tr. 27.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits prior to May 20, 2016 and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly weigh the medical opinions in the record; (2) failing to find Plaintiff's mental health conditions severe at step two; (3) failing to properly weigh Plaintiff's symptom statements; and (4) failing to make proper determinations at steps four and five.

## DISCUSSION

**1. Medical Opinions**

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinions expressed by Dev Banerjee, M.D., Lynn M. Orr, Ph.D., Lynne Jahnke, M.D., and Leslie Postovoit, Ph.D. ECF No. 13 at 9-14.

ORDER GRANTING PLAINTIFF'S MOTION - 5

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester*, 81 F.3d at 830-31. The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

A.     **Dev Banerjee, M.D.**[2]

---

[2]The Court notes that when some providers refer to Plaintiff's primary care physician, the name used is Dev Banerjee, M.D. in Richland, WA. Tr. 1067, 1072, 1094-95, 1165. However, records from Kadlec include evidence from a Sirshendu Banerjee, M.D. and a Turhin Banerjee, M.D. Sirshendu Banerjee, M.D. is consistently referred to as Plaintiff's primary care physician or as the referring provider demonstrating a longitudinal history of treatment. Tr. 278, 376, 790, 835,

On December 5, 2017, Dr. Banerjee completed a Medical Report form opining that Plaintiff would have to lie down due to pain for more than four hours in a day. Tr. 1232. He also opined that if Plaintiff attempted to work a 40-hour per week schedule, she would probably miss four or more days per month. Tr. 1233. He further opined that Plaintiff could perform sedentary work defined as "[c]an lift 10 pounds maximum and frequently lift and/or carry articles such as dockets, ledgers, and small tools. Although a sedentary job involves sitting, a certain amount of walking and standing may be necessary." *Id*. He limited the use of her upper extremities to occasional handling and reaching. Tr. 1234. He stated that the opined limitations had existed since August 15, 2014. *Id*.

The ALJ gave the opinion little weight stating the following: "Little weight is afforded to this checkbox form. Dr. Banerjee provided little explanation for his findings. His opinion is not consistent with the longitudinal medical record documenting effective treatment. Greater weight is afforded to the medical expert's testimony." Tr. 24. Here the ALJ's reasons failed to meet the specific and legitimate standard because they amounted to a conclusory rejection of the opinion. *See Garrison v. Colvin*, 759 F.3d 95, 1012-13 (9th Cir. 2014) ("an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.").

---

891, 918, 956, 962, 968, 977, 984, 1019. Turhin Banerjee, M.D. appears to be the admitting Hospitalist who treated Plaintiff at the emergency room in October of 2017. Tr. 880, 885-91. The opinion at issue was signed "Banerjee, MD," Tr. 1234, but states the first date of treatment was April 5, 2015, Tr. 1232. Therefore, substantial evidence supports the conclusion that Sirshendu Banerjee, M.D. is also Dev Banerjee and the provider penning the opinion.

Defendant points to several locations in the ALJ's decision that provides further support and explanation for his decision to reject the opinion. ECF No. 14 at 7-9. However, the Court is limited to reviewing the reasons the ALJ clearly provided for rejecting Dr. Banerjee's opinion. The only reasons provided by the ALJ are in the four conclusory sentences set forth above. Tr. 24. These conclusory statements are not sufficient under *Embrey*. The Court acknowledges that the ALJ's reasons for rejecting the opinion alluded to reasons that the Ninth Circuit has found to be specific and legitimate, but the ALJ failed to provide the specificity required in *Embrey* to meet the specific and legitimate standard. 849 F.2d at 421-22 (The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct.").

First, the ALJ mentioned that the opinion was expressed on a check-the-box form. Tr. 24. The Ninth Circuit has stated a preference for individualized medical opinions over check-off reports. *See Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983). However, check-the-box forms that do not stand alone, but are supported by records should be "entitled to weight that an otherwise unsupported and unexplained check-box form would not merit." *Garrison*, 759 F.3d at 1013. Here, Dr. Banerjee was Plaintiff's treating physician who had treated Plaintiff since 2015. Tr. 649-66, 777-80, 854-68, 899-904, 908-12, 926-35, 943-49, 952-55. Therefore, the check-the-box form did not stand alone and the treatment records should have been considered when addressing the supportability of the opinion. Therefore, this reason falls short of the specific and legitimate standard.

The ALJ's second reason for rejecting the opinion, that Dr. Banerjee did not provide an explanation for his opinion, is not specific and legitimate. An ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole. *Batson*, 359 F.3d at 1195. However, the form Dr. Banerjee completed requested that he explain the reasons for the limitations he

ORDER GRANTING PLAINTIFF'S MOTION - 8

opined, and he provided such an explanation. Tr. 1232 (the reason for needing to lie down during the day was pain, and the pain was caused by her impairments including fibromyalgia); Tr. 1233 (missing four or more days a week was attributed to Plaintiff's pain and dizziness). As such, the ALJ's rationale that Dr. Banerjee did not provide an explanation for his opinion is not supported by substantial evidence.

The ALJ's third reason for rejecting the opinion, that it was not supported by the medical record, is not specific and legitimate. An opinion's inconsistency with the majority of objective evidence is a specific and legitimate reason for rejecting the opinion. *Batson*, 359 F.3d at 1195. However, the ALJ failed to provide any reference to evidence that did not support Dr. Banerjee's opinion. Therefore, he failed to meet the specificity required under *Embrey* to meet the specific and legitimate standard. 849 F.2d at 421-22 (The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct.").

The ALJ failed to provide specific and legitimate reasons for rejecting the opinion of treating provider, Dr. Banerjee. Therefore, this case is remanded for additional proceedings to properly address this opinion.

**B.    Lynn M. Orr, Ph.D.**

On July 29, 2015, Dr. Orr completed a psychological evaluation of Plaintiff and provided a Medical Source Statement. Tr. 781-86. Dr. Orr stated that Plaintiff "complains of memory problems. Results from the Wechsler Memory Scale indicate significant impairment. There are, however, some questions raised regarding the validity and reliability of these scores." Tr. 785. She also stated that Plaintiff "would have difficulty with concentration, persistence, and pace currently. This is also the case with adaptation. She did not appear to comprehend or understand all information given," and "[e]motionally she would have difficulty however in being consistent in carrying out tasks in a consistent way." *Id*.

ORDER GRANTING PLAINTIFF'S MOTION - 9

The ALJ summarized the opinion as Dr. Orr "stated that the claimant has significant memory impairment. She stated that the claimant is socially isolated and has difficulty with concentration, persistence, pace, and adaptation." Tr. 25. The ALJ then assigned the opinion little weight stating "Dr. Orr observed poor effect on testing, rendering the evaluation invalid. Also, this opinion is not consistent with the longitudinal medical record, which reflects minimal complaints and treatment for depression." *Id*.

Here, the ALJ's first finding, that an observation of poor effort on testing rendered the entire evaluation invalid, is not specific and legitimate. Typically, a claimant's poor effort can provide substantial evidence to discount the *claimant's* credibility. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (discounting the claimant's credibility for failing to give maximum effort during an examination). However, absent further explanation, it is not a legitimate basis for discounting a physician's opinion. *See Ogin v. Colvin*, 608 F. App'x 519, 520 (9th Cir. 2015) (finding the ALJ erred in discounting a physician's opinion based on "lackluster effort" where the physician took a lack of cooperation into account when formulating a conclusion). Therefore, without more explanation demonstrating that Dr. Orr failed to take Plaintiff's poor effort into account when forming her opinion, this fails to meet the specific and legitimate standard.

The ALJ's conclusion that Dr. Orr's opinion was not consistent with the longitudinal medical record that reflects minimal complaints and treatment for depression is also not specific and legitimate. First, this reason lacks the specificity required in *Embrey* to meet the specific and legitimate standard. 849 F.2d at 421-22 (The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct."). Here, the ALJ only points to a lack of complaints and treatment for depression without citing to evidence in the record. Furthermore, the Ninth Circuit has held that a failure to seek treatment for a mental health impairment

ORDER GRANTING PLAINTIFF'S MOTION - 10

demonstrates poor judgment in seeking rehabilitation and does not mean that the impairment is nonexistent. *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir., 1996). Therefore, this reason also fails to meet the specific and legitimate standard.

### C. Lynne Jahnke, M.D.

At the ALJ hearing, Dr. Jahnke provided a residual functional opinion. Tr. 46. Upon cross-examination by Plaintiff's attorney, she stated that since April of 2015 Plaintiff was limited to occasional handling and fingering. Tr. 50. Then, following additional questions by the ALJ, Dr. Jahnke stated "I've really never vacillated like this, but I think in this, I think frequent was more appropriate choice for her." Tr. 51. In the decision, the ALJ gave Dr. Jahnke's opinion great weight. Tr. 24. Plaintiff argues that the ALJ erred by not taking Dr. Jahnke's initial limitation to occasionally handling and fingering. ECF No. 13 at 12-13. Here, the case is remanded for the ALJ to further address Dr. Banerjee's opinion, which includes a limitation to occasional handling and reaching. Therefore, the ALJ will readdress Dr. Jahnke's opinion on remand.

### D. Leslie Postovoit, Ph.D.

Dr. Postovoit reviewed the medical evidence in the record on August 24, 2015 as a part of the initial evaluation of the claim. Tr. 76. She opined that Plaintiff was capable of completing simple tasks with episodic disruption of concentration, persistence, and pace but was nonetheless capable of a production rate of work activities within physical limits. Tr. 80. She also opined that Plaintiff was capable of asking simple questions, requesting assistance, accepting instructions, and responding appropriately. *Id*. She further opined Plaintiff would do "best with superficial social contact." *Id*.

The ALJ gave the opinion little weight because "mental status exams showed largely benign findings, which supports a finding of non-severe depression. She put forth minimal effort during the psychological consultative

ORDER GRANTING PLAINTIFF'S MOTION - 11

exam, calling into question the validity of any low scores." Tr. 24.  Considering Dr. Postovoit never examined Plaintiff, and her opinion is based on the treatment record available to her at the time of the initial determination, the specific and legitimate standard and clear and convincing standard set forth in *Lester* do not apply.  However, since the case is being remanded for the ALJ to properly address the opinion of Dr. Orr and since Dr. Postovoit reviewed Dr. Orr's opinion when formulating her own opinion, Tr. 72, the ALJ will also readdress Dr. Postovoit's opinion on remand.

**2.  Step Two**

Plaintiff challenges the ALJ's step two determination that Plaintiff's mental health impairments were not severe.  ECF No. 13 at 14-15.

The step-two analysis is "a de minimis screening device used to dispose of groundless claims."  *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).  An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities."  20 C.F.R. §§ 404.1522(a), 416.922(a).  Basic work activities are "abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§ 404.1522(b), 416.922(b).

The ALJ found Plaintiff's mental health impairments were not severe at step two.  Tr. 20.  Since the case is being remanded for the ALJ to further address the opinions of Dr. Orr and Dr. Postovoit, the ALJ will make a new step two determination for the period prior to May 20, 2016.

**3.  Plaintiff's Symptom Statements**

Plaintiff contests the ALJ's determination that Plaintiff's symptom statements were unreliable.  ECF No. 13 at 15-18.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent affirmative evidence of malingering,

the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not fully supported before May 20, 2016, for the reasons explained in this decision." Tr. 22. The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence. See 20 C.F.R. §§ 404.1529(c), 416.929(c); S.S.R. 16-3p. Therefore, in light of the case being remanded for the ALJ to readdress the medical source opinions in the file, a new assessment of Plaintiff's subjective symptom statements prior to May 20, 2016 will be necessary.

**4.    Step Four**

Plaintiff challenges the ALJ's determination at steps four and five. ECF No. 13 at 18-19. Since the case is being remanded to further address medical source opinions and Plaintiff's symptom statements, a new residual functional capacity determination and step four determination will be required for the period prior to May 20, 2016. The Court notes that the ALJ did not make a step five determination as one was not required following a finding that Plaintiff was able to do her past relevant work prior to May 20, 2016. Tr. 25. Upon remand, the ALJ will make a step five determination if one is required.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health*

*& Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

This case is remanded for additional proceedings because it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Additional proceedings are necessary for the ALJ to further address the medical source opinions in the record, the step two determination, Plaintiff's symptom statements, and steps four and five prior to May 20, 2016. Additionally, the ALJ will supplement the record with any outstanding medical evidence pertaining to the period in question and take testimony from a vocational expert in the event that a step four or five determination is required.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED, in part,** and the matter is **REMANDED** for additional proceedings consistent with this order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff**

1 | and the file shall be **CLOSED**.

2 | DATED June 15, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION - 15